NIEMEYER, Circuit Judge,
concurring in part, dissenting in part, and concurring in the judgment.
The plaintiffs in this case seek to use the Calvert County Northeast Community Center in Chesapeake Beach, Maryland, as a place for conducting their homeschooling to meet Maryland State educational requirements. They were denied this request because the place provided by Calvert County for formal elementary and secondary education is at public schools provided by the Calvert County Board of Education, and Calvert County did not intend to let the community center function as a school designed to meet State educational requirements. As the Board of County Commissioners of Calvert County explained to the plaintiffs:
Community centers are designed and built for the recreational needs of the community at large. We do not want to devote space in the centers for educational activities associated with meeting the State requirements for elementary or secondary education. We are *262 meeting those needs through our funding of the Calvert County Board of Education. We believe that allowing the centers to be used for formal education would amount to duplication of services.
The plaintiffs contend that the county’s position violates their right of free speech as protected by the First Amendment. I disagree. The county has not, even by implication, challenged what the plaintiffs can teach or what their students can learn at any location in the county, including at the Calvert County Northeast Community Center. While the substance of matters taught in homeschooling may be protected speech, as noted by Judge Goodwin in Part II.A, ante, the county’s regulation does not aim in any way at what is taught, what is learned, or even how any subject matter is taught. To conclude that the county’s regulation of the use of its community center is a regulation of speech would convert every governmental use regulation of public spaces into a First Amendment issue. I agree with the district judge’s conclusion that the regulation in this case does not implicate the First Amendment. Accordingly, I respectfully dissent from Parts II.A and II.B of Judge Goodwin’s fine opinion.
Because two of my colleagues conclude that the First Amendment is implicated, I consider the issues that follow therefrom and concur in the subsequent First Amendment discussions in Parts II.C, II.D, and II.E of Judge Goodwin’s opinion. I also concur in Parts I, III, and IV and in the judgment.